### BELMONT COUNTY—MARCH TERM, 1817.

PRESENT—TAPPAN, *President;* ALEXANDER, WILEY AND ANDERSON, *Associates.*

## OHIO vs. MALLORY.

A charge that defendant permitted J. S. and W. S. *with divers others*, to get drunk in his
tavern, is not made out by proof that several persons, J. S. and W. S. not being
present, did get drunk there.

INDICTMENT—For "that the defendant, being a licensed tavern
keeper, at, &c., did on, &c., knowingly allow, permit and suffer, one
John Smith and one Wm. Swaney, with divers other persons, to the
jurors unknown, to revel, get drunk, and behave in a disorderly man-
ner in his said house, then," &c.

PLEA—Not guilty.

JENNINGS, for the state.

HAMMOND, for defendant.

James Smith was sworn as a witness for the prosecution; he stated
that, on a certain sabbath day, he saw several persons drunk and
quarrelling at the defendant's house; he was asked if John Smith and
Wm. Swaney were there? He did not recollect.

JENNINGS then desired the witness to state particularly what he
saw.

BELMONT.
March 1817.
———
Ohio
v.
Mallory.

HAMMOND objected to evidence being given, of what had been done by other persons than John Smith and William Swaney, as it was for permitting those two men to get drunk and behave disorderly in his house, that the defendant was now to answer.

PRESIDENT.—This indictment charges that the defendant did knowingly, allow, permit and suffer John Smith and William Swaney, with divers others, to get drunk, and behave disorderly, in his tavern. The defendant says he is not guilty of this charge—proof is offered, that other persons than Smith and Swaney, were drinking liquor to excess, and quarreling, at the defendant's house. The question is not, whether this was an offence against the statute, but whether it is the particular offence charged; and I am of the opinion that it is not. It may be all true, and the defendant's plea stand uncontradicted. It must be proven that Smith and Swaney, in company with each other, got drunk and behaved in a disorderly manner in the defendant's house, or the charge is not supported. The proof must conform to the allegation. The day is not material, but the persons are, so far as Smith and Swaney. If you prove the fact charged, as to them, you may then prove that others were revelling and making a disturbance in company with them.

Verdict, not guilty.